IN THE UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TEI POWELL,<br>    Plaintiff,<br><br>vs.<br><br>THE BOEING COMPANY,<br>    A foreign corporation,<br><br>**SERVE AT:**<br>**Registered Agent**<br>**CSC Lawyers Incorporating Service Company**<br>**221 Bolivar St.**<br>**Jefferson City, Mo 65101**<br><br>    Defendant. | Cause No.:<br><br><br><br>**JURY TRIAL REQUESTED** |

## **PETITION FOR DAMAGES**

COMES NOW Plaintiff, by and through undersigned counsel, and in support of her Petition states:

1. Plaintiff Tei Powell ("Plaintiff" or "Ms. Powell") is an African-American female who worked for Defendant The Boeing Company ("Defendant").

2. Defendant is a foreign corporation, registered in Missouri and doing business in Missouri and in St. Charles County and in this district, and so venue here is appropriate.

3. On or about April 1, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the Charge of Discrimination is attached and marked as **Exhibit A**.

4. Plaintiff has exhausted her Federal and state administrative remedies with regard to her charge of discrimination and received her Notice of Right to Sue from the

EEOC dated August 24, 2023.  A copy of the Notice of Right to Sue is attached and marked as **Exhibit B**.

5. This lawsuit is timely.

## FACTS APPLICABLE TO ALL COUNTS

6. Plaintiff worked for Defendant and earned wages and benefits.

7. During Plaintiff's employment, Plaintiff experienced discrimination and differing treatment on the basis of her race, African American, and gender, female, as well as discrimination based on a disability or a perceived disability.

8. Specifically, Defendant was targeted and falsely accused of wrongdoing by her superiors.

9. Defendant denied Plaintiff promotional opportunities.

10. Plaintiff reported to management on multiple occasions that she believed she was being discriminated against based on her race and/or gender and/or disability.

11. During Plaintiff's employment, Plaintiff refused to violate safety laws and reported violations of safety laws to her superiors.

12. During a meeting, Plaintiff's counterpart gave instructions that it was acceptable to release certain products to customers even if there was a defect.

13. Plaintiff spoke up and stated that it was never ok to release defective parts because the company had just had two airplanes drop out of the sky, and safety is the highest priority.

14. The instruction was a violation of clearly articulated statutes and regulations on the safety of building helicopters and airplanes.

15. Plaintiff reported this violation of the law to her superiors and pointed out that that would be against the law and, more importantly, dangerous.

16. Defendant terminated Plaintiff a short time after her report(s) of discrimination and/or her refusal to violate the law and/or her report(s) of illegal safety instructions.

**COUNT I: DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SECTION 2000e-5, *ET SEQ* BY THE BOEING COMPANY**

17. Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count I as if set forth fully herein.

18. Plaintiff was discriminated against on the basis of her race.

19. Plaintiff was treated differently than Caucasian employees who were similarly situated.

20. The main culprit in the discrimination was her supervisor, Chad Peterson.

21. Plaintiff's supervisor, and other co-workers, labeled Plaintiff as being rude and confrontational, when that was not in fact the case.

22. Plaintiff believes that this was an effort to stereotype Plaintiff as an angry, confrontational black woman.

23. Plaintiff was not angry or confrontational.

24. During Plaintiff's 2019 performance review, Plaintiff discussed her interactions with a Caucasian co-worker with her supervisor.

25. Plaintiff's supervisor acknowledged that Plaintiff had exceeded her priorities

in terms of Plaintiff's performance.

26.     Plaintiff's supervisor also acknowledged that this Caucasian co-worker was difficult to deal with, but told Plaintiff that she must find a way to deal with her.

27.     Plaintiff let her supervisor know that she had done everything she possibly could, but that she would continue to try.

28.     Plaintiff told her supervisor that she felt like she was being discriminated against based on her race, in that the Caucasian co-worker was actually the confrontational, angry individual, among other things.

29.     Additionally, another Caucasian employee was reported for being disruptive during a phone call on February 4, 2020.

30.     Upon information and belief, she was not reprimanded.

31.     Plaintiff, however, was written up for alleged disruptive behavior, which Plaintiff disputes.

32.     Plaintiff was accused of not collaborating with her peers, which was false.

33.     Plaintiff was terminated by Defendant in October 2020.

34.     Plaintiff experienced other instances of race-based discrimination, including her termination.

35.     Defendant's outrageous and extreme behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under Title VII.

36.     Defendant knew or should have known of the illegal discrimination based on Plaintiff's race, but failed to prevent or remedy the discrimination, or otherwise ratified the behavior.

37. As a direct and proximate result of the foregoing actions, Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Tei Powell prays for a trial by jury and for judgment against Defendant The Boeing Company, for actual damages in a fair and reasonable sum, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys fees, and for all other relief as the Court deems appropriate.

**COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SECTION 2000e-5, *ET SEQ* BY THE BOEING COMPANY**

38. Plaintiff re-alleges and incorporates all above paragraphs into Count II as if set forth fully herein.

39. Plaintiff's report(s) of discrimination was/were a motivating factor in Plaintiff's termination and/or in the disparate treatment suffered by Plaintiff.

40. Plaintiff had never been disciplined or written up until shortly after her first report of discrimination.

41. Plaintiff's supervisor filed a report against Plaintiff simply because she had reported discrimination.

42. Defendant's outrageous and extreme behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under Title VII.

43. Defendant knew or should have known of the illegal retaliation, but failed to prevent or remedy the retaliation.

44. As a direct and proximate result of the foregoing actions, Plaintiff has

suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Tei Powell prays for a trial by jury and for judgment against Defendant The Boeing Company, for actual damages in a fair and reasonable sum, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys fees, and for all other relief as the Court deems appropriate.

**COUNT III: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SECTION 2000e-5, *ET SEQ* BY THE BOEING COMPANY**

45. Plaintiff re-alleges and incorporates all above paragraphs into Count III as if set forth fully herein.

46. Plaintiff's gender was a motivating factor in Plaintiff's termination and/or disparate treatment.

47. Plaintiff was treated differently than her male counterparts.

48. Plaintiff's gender was a motivating factor in the differing treatment of Plaintiff while at work which affected the terms and conditions of Plaintiff's employment.

49. Plaintiff's gender was a motivating factor in Plaintiff's termination.

50. Defendant's outrageous and extreme behavior described herein was intentional and done with reckless disregard for Plaintiff's rights under Title VII.

51. Defendant knew or should have known of the illegal discrimination, but failed to prevent or remedy the discrimination.

53. As a direct and proximate result of the foregoing actions, Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits,

and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Tei Powell prays for a trial by jury and for judgment against Defendant The Boeing Company, for actual damages in a fair and reasonable sum, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys fees, and for all other relief as the Court deems appropriate.

**COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. SECTION 12101 et seq, AGAINST THE BOEING COMPANY**

54. Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count IV as if set forth fully herein.

55. In December 2019, Plaintiff had to go to the emergency room.

56. On or around January 1, 2020, Plaintiff again went to the emergency room and was hospitalized for almost 10 days.

57. Defendant knew about the hospitalization and Plaintiff was forced to take 3 weeks off from work.

58. Defendant at that point perceived Plaintiff to be disabled.

59. During Plaintiff's employment, Defendant discriminated against Plaintiff because of her disability and/or because of her perceived disability.

60. Plaintiff's disability – or Defendant's perception that Plaintiff was disabled – was a factor in Defendant's decision to terminate Plaintiff.

61. Defendant treated Plaintiff differently than other employees who are not disabled or that Defendant did not consider to be disabled.

62. Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the ADA.

63. Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Tei Powell respectfully prays for a trial by jury and for judgment against Defendant The Boeing Company for actual damages in an amount greater than $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

**COUNT V: RETALIATION IN VIOLATION OF THE MISSOURI WHISTLEBLOWER'S PROTECTION ACT AGAINST THE BOEING COMPANY**

64. Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count V as if set forth fully herein.

65. Defendant retaliated against Plaintiff for refusing to violate safety laws and/or for reporting her colleague's illegal behavior.

66. Plaintiff reported these issues to the appropriate authority.

67. Defendant knew or should have known of the illegal behavior described herein but refused to correct it and in fact ratified the behavior.

68. Defendant fired Plaintiff and retaliated against Plaintiff for her refusal to violate illegal orders and/or for reporting illegal behavior.

69. Defendant fired Plaintiff and retaliated against Plaintiff for reporting her supervisor's illegal behavior.

70. Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the law.

71. Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Tei Powell respectfully prays for a trial by jury and for judgment

against Defendant The Boeing Company for actual damages in an amount greater than $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

Respectfully submitted,

LAW OFFICES OF DERALD L. GAB, P.C.

/s/Bret Kleefuss
Bret Kleefuss #59175MO
1708 Olive
St. Louis, MO 63103
(314) 367-4878
(314) 678-3998 (fax)
bretcharles@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned states that on today, November 20, 2023, this Petition was filed in the Eastern District of Missouri, and will be served in accordance with federal law.

Bret Kleefuss /s/ Bret Kleefuss